IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT HALL AND MARY HALL,** )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**AIR & LIQUID SYSTEMS CORP.,** )<br>**ARMSTRONG INTERNATIONAL,** )<br>**INC., CBS CORP., CRANE CO.,** )<br>**FMC CORP.,** )<br>**GENERAL ELECTRIC CO.,** )<br>**GOULDS PUMPS, INC.,** )<br>**GRINNELL LLC,** )<br>**IMO INDUSTRIES, INC.,** )<br>**INGERSOLL-RAND CO.,** )<br>**JOHN CRANE, INC.,** )<br>**METROPOLITAN LIFE INSURANCE** )<br>**CO.,** )<br>**VIKING PUMPS, INC.,** )<br>**WARREN PUMPS, LLC,** )<br>)<br>**Defendants.** ) | Case No. 3:15-CV-01344-NJR-SCW |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiffs Robert and Mary Hall allege that Mr. Hall was diagnosed with lung cancer that was caused by exposure to asbestos from products manufactured by the various Defendants (Doc. 1-1). The Halls originally filed their case in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, on November 4, 2015, but it was removed to this Court on December 9, 2015, pursuant to the federal officer removal statute (Doc. 1; Doc. 148). This matter is currently before the Court on the Motion to Apply Maritime Law filed by Defendants Crane Co. and Ingersoll Rand Company (Doc.

132). Plaintiffs did not file a response to the motion.

The party seeking to invoke maritime law must satisfy the requirements of location and connection with maritime activity. *Scott v. Trump Indiana, Inc.*, 337 F.3d 939, 943 (7th Cir. 2003) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995)). The location prong of the test requires that the injury occurred on navigable waters or, if the injury occurred on land, it must have been caused by a vessel on navigable waters. *Scott*, 337 F.3d at 943. The connection with maritime activity prong, also known as the nexus test, requires that the incident involved has a potentially disruptive impact on maritime commerce and that the activity giving rise to the incident bears a substantial relationship to traditional maritime activity. *Scott*, 337 F.3d at 943. With respect to the application of this two-prong test to asbestos claims, the Court is content to follow the succinct framework set forth in *Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 459 (E.D. Pa. 2011)[1]:

> [M]aritime law govern[s] those claims involving plaintiffs who were sea-based Navy workers so long as the allegedly defective product was produced for use on a vessel. Where the asbestos claims asserted stem from predominantly land-based Navy work, however, maritime law does not govern even if the allegedly defective product was produced for use on a vessel.

Here, Plaintiff Robert Hall alleges that he was exposed to asbestos-containing

---

[1] The *Conner* case was part of MDL 875, which was established in 1991 to consolidate the avalanche of federal asbestos cases in the Eastern District of Pennsylvania. Hon. Eduardo C. Robreno, *The Federal Asbestos Product Liability Multidistrict Litigation (Mdl-875): Black Hole or New Paradigm?*, 23 WIDENER L.J. 97 (2013). In 2008, Judge Eduardo Robreno was designated to preside over MDL 875. *Id.* He has decided thousands of motions and issued hundreds of orders, including the extensive and thorough order in *Conner* deciding the application of maritime law. *Id.* After twenty years, 180 thousand plus cases, and over ten million claims, the MDL stopped accepting transfers, signaling the impending end to the MDL proceedings. *Id.* In ceasing the transfer of cases to the MDL, the Judicial Panel on Multidistrict Litigation stated that "the judges presiding over [the cases that will not be transferred to the MDL] will almost certainly find useful guidance in the many substantive and thoughtful rulings that have been issued during the lengthy course of the Multi district proceedings." *In re Asbestos Prods. Liability Litig.*, 830 F.Supp.2d 1377, 1379 (J.P.M.L. 2011).

products while serving in the United States Navy from 1968 until 1971 (Doc. 1-1). According to Defendants, Mr. Hall testified at his deposition that he served in the Navy aboard the *USS America* for about two and a half years, cruising to Asia, South America, and Australia (Doc. 132).[2] Mr. Hall indicated that during his time aboard the *USS America* he repaired equipment on the ship, such as pumps and valves (Doc. 132). Mr. Hall further testified that the only place he recalled working on or around Ingersoll Rand pumps and Crane Co. valves was aboard the *USS America* (Doc. 132).

Thus the evidence establishes that Mr. Hall performed at least a portion of his Navy service at sea aboard a Navy vessel. The evidence further establishes that his job was to maintain equipment on the ship, which required working with asbestos-containing pumps and valves manufactured by Ingersoll Rand and Crane Co. that were essential for the proper functioning of the ship and were made for that purpose. Accordingly, maritime law applies to his claims against those two Defendants. *See Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 466–69 (E.D. Pa. 2011).

## CONCLUSION

The Motion to Apply Maritime Law filed by Defendants Crane Co. and Ingersoll Rand Company (Doc. 132) is **GRANTED.**

**IT IS SO ORDERED.**

DATED:   November 8, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] The relevant portions of Mr. Hall's deposition transcript were supposed to be attached to the motion as Exhibit A, but they were omitted (*see* Doc. 132). The Court is relying solely on Crane Co.'s and Ingersoll Rand's representations about Mr. Hall's testimony, which at this point it has no reason to doubt.